NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH STYLES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOR MOTOR COACH, *et al.*, <br><br> Defendants. | Civil Action No. 21-19231 (ZNQ) (TJB) <br><br> **OPINION** |

QURAISHI, District Judge

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendants Thor Motor Coach and Scott Motor Coach Sales, Inc. ("Scott Motor") (collectively, "Defendants"). ("Motion", ECF No. 6.) In support of their Motion, Defendants filed a Memorandum of Law ("Moving Br.", ECF No. 6 at PageID Nos. 3–10.) Plaintiffs oppose the Motion. ("Opp.", ECF No. 8.) Defendants replied. ("Reply", ECF No. 9.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendants' Motion to Dismiss.

I. **BACKGROUND AND PROCEDURAL HISTORY**

According to the Complaint, Plaintiffs Joseph and Dana Styles are New Jersey residents who purchased a new 2020 Hurricane 33X recreational vehicle ("the RV") from Defendant Scott

1

Motor in September 2020.[1]  (Compl. ¶¶ 1, 4, attached to Notice of Removal as Exhibit A, ECF No. 1-1 at PageID Nos. 2–12; "Retail Buyer's Order", attached to Complaint as Exhibit A, ECF No. 1-1 at PageID Nos. 16–17.)  Thereafter, Plaintiffs complained about various defects and non-conformities in the RV, specifically: "passenger side front window leaking, outside TV not working, leveling system malfunctioning, power died to the slide outs, DVD player for all TVs not working with damaged wiring, no power to refrigerator, no power to outlets, one circuit permanently tripped, and audible alarm sounding from inverter control panel."  (Compl. ¶ 11.)  Attempts to repair the RV during its warranty period proved unsuccessful.  (*Id.*; Scott Motor Work Estimate Nos. 69142, 69259, 70344, 70551, attached as Exhibit B to Complaint, PageID Nos. 19–26.)

Plaintiffs filed the Complaint in New Jersey Superior Court on September 9, 2021. (Compl.)  The Complaint alleges four counts:  violation of the New Jersey Motor Vehicle Warranty Act ("Lemon Law"), N.J.S.A. 56:12-29, *et seq.* (Count I); violation of the Magnusson-Moss Warranty Act ("MMWA"), 15 U.S.C. §2301, *et seq*. (Count II); breach of express and implied warranties (Count III); and violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A § 56:8-1, *et seq.* (Count IV).  (*See* Compl. ¶¶ 13–62.)  Defendants removed to this Court on October 22, 2021[2] and filed the current Motion.

---

[1] The Complaint alleges that Plaintiffs purchased the RV from "Defendant," but fails to specify which of the two defendants actually sold it to them. (Compl. ¶ 4.) The Court infers Plaintiffs purchased the vehicle from Scott Motor because its name is the only one that appears on the "Retail Buyer's Order" that is attached as Exhibit A to the Complaint.

[2] Defendants' Notice of Removal avers that their removal was timely, but does not specify when they received service of the summons and Complaint. The Court notes that the certificate of service attached by Plaintiffs to the Complaint indicates that it was served on opposing counsel via email on October 22, 2021. (ECF No. 1-3.) To the extent the removal may therefore have been untimely and/or improper, those issues have been waived because Plaintiffs did not seek to remand within 30 days of the matter's removal. *See* 28 U.S.C. § 1447(c); *Donahue v. Allstate New Jersey Ins. Co.*, Civ. No. 06-226, 2006 WL 8457165, at *1 (D.N.J. Feb. 28, 2006) ("It is equally well-established that if a plaintiff fails to move in federal court for a remand based on a procedural defect within 30 days, that party waives its opportunity to challenge the removal.")

## II. JURISDICTION

The Court has subject matter jurisdiction over Plaintiffs' claim alleging a violation of the MMWA pursuant to 28 U.S.C. § 1331. The Court has subject matter jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367.

## III. LEGAL STANDARD

### A. RULE 12(b)(6)

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

A district court is required to conduct a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state, "the defendant unlawfully harmed me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Id*. at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented" upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

      **B.**      **RULE 9(b)**

Federal Rule of Civil Procedure 9 requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b)'s particularity requirement requires a plaintiff to allege 'all of the essential factual background that would accompany the first paragraph of any newspaper story–that is, the who, what, when, where, and how of the events at issue.'" *Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019) (quoting *United States v. Omnicare, Inc.*, 903 F.3d 78, 92 (3d Cir. 2018)).

**IV.**      **DISCUSSION**

      **A.**      **COUNT I: LEMON LAW**

New Jersey's Lemon Law provides that "during the first 24,000 miles of operation or during the period of two years following the date of original delivery to the consumer, whichever is earlier, the manufacturer . . . shall make, or arrange with its dealer or distributor to make, within a reasonable time, all repairs necessary to correct [a] nonconformity." N.J.S.A. § 56:12-31. If during the above specified period, "the manufacturer . . . of that part of the motor vehicle containing the nonconformity, or its dealer or distributor, is unable to repair or correct the nonconformity within a reasonable time, the manufacturer ... shall accept return of the motor vehicle from the customer." N.J.S.A § 56:12-32. Moreover,

> [i]t is presumed that a manufacturer . . . or its dealer or distributor, is unable to repair or correct a nonconformity within a reasonable time if . . . (1) [s]ubstantially the same nonconformity has been subject to repair three or more times by the manufacturer ... or its

4

> dealer or distributor [or] (2) [t]he motor vehicle is out of service by reason of repair for one or more nonconformities for a cumulative total of 20 or more calendar days, or in the case of a motorhome, 45 or more calendar days, since the original delivery of the motor vehicle and a nonconformity continues to exist.

N.J.S.A. § 56:12-33.  Of particular relevance to this case, however, "problems pertaining to the 'living facilities' of a motor home are not covered under New Jersey's Lemon Law." *Smith v. Freightliner, LLC*, 239 F.R.D. 390, 394 (D.N.J. 2006); *see also* N.J.S.A. § 56:12-30 ("'Motor vehicle' means a passenger automobile . . . which is purchased or leased in the State of New Jersey . . . except the living facilities of motor homes.")

As set forth above, the Complaint alleges a long list of nonconformities in the RV.  In their Motion, Defendants argue that these nonconformities relate solely to the "living facilities" that are excluded from Lemon Law coverage.  (Moving Br. at 2.)  In opposition, Plaintiffs largely ignore Defendants' argument.  Instead, they contend that there are genuine issues of material fact that preclude granting the Motion—obviously inapposite on a motion to dismiss.  The closest Plaintiffs come to responding to Defendants' argument is when they assert in a conclusory fashion that "Defense counsels [sic] attempt to make this decisions [sic] on saying that these issues are not significant enough or applicable for a lemon law claim or brought into litigation prior to the 2 year period ending are incorrect."[3]  (Opp. Br. at 6.)

Have reviewed the nonconformities alleged in the Complaint, the Court is unable to determine from the pleading itself which of the nonconformities pertain to the living facilities.  For instance, it is conceivable that the first nonconformity, the leaking "passenger side front window," may be part of the RV that is covered by the Lemon Law, but the Complaint does not identify where exactly the window is located nor does the Complaint articulate how it does not qualify as "living facilities" that are excluded from the Lemon Law.  Accordingly, the Court will grant the

---

[3] To avoid muddying the record, the Court clarifies that Defendants' Moving Brief does not, in fact, argue that the alleged nonconformities were too minor or that the litigation is untimely.  *See generally*, Moving Br.

portion of the Motion seeking to dismiss Count I and dismiss that claim without prejudice. Plaintiffs will be afforded an opportunity to amend their Complaint to clarify their claim.[4]

### B.   COUNTS II AND III: MAGNUSON-MOSS WARRANTY ACT AND UCC

The Complaint asserts Counts II and III against both Defendants. The Motion seeks dismissal of Counts II and III as against Scott Motor on the basis that it conspicuously disclaimed all warranties in the Purchase Agreement signed by Plaintiffs. (Moving Br. at 2; Exhibit B.) Plaintiffs' opposition, again, essentially ignores Defendants' argument. Instead, Plaintiffs again insist there is a genuine issue of material fact, refer to a party not named in this suit,[5] cite two irrelevant Pennsylvania statutes along with a decision from the Eastern District of Pennsylvania, and assert—incorrectly—that "Defendant does not deny that it manufactured and warranted the subject vehicle to the Plaintiffs." (Moving Br. at 6-8.) As Defendants point out on Reply, they do in fact deny that Scott Motor warranted the subject vehicle by virtue of its disclaimer. (Reply at 2.)

Generally, a disclaimer of warranties is permissible under New Jersey law where such disclaimer "is in writing and conspicuous." *Skalski v. Elliot Equip. Co.*, Civ. No. 08-2686, 2010 WL 891582, at *5 (D.N.J. Mar. 9, 2010) (citing *Gladden v. Cadillac Motor Car Div., Gen. Motors Corp.*, 83 N.J. 320, 416 (1980)). "A clause is conspicuous when it is written such that a reasonable person against whom it is to operate ought to have noticed it." *T.J. McDermott Transp. Co., Inc. v. Cummins, Inc.*, Civ. No. 14-04209, 2015 WL 1119475, at *12 (D.N.J. Mar. 11, 2015) (citing N.J. Stat. Ann. § 12A:1-201(10)). More specifically, a clause is conspicuous where a printed heading is in capitals, language in the body of the document is larger than the surrounding text, or

---

[4] The Complaint is also less than clear as to which Defendants Plaintiffs are asserting Count I. The heading for Count I does not specify the Defendant(s). The allegations contained therein first assert that "Defendant is a 'Manufacturer' as defined by N.J.S.A. 56:12-30. (Compl. ¶ 15.) Presumably this refers to the Thor Motorcoach. However, in the next paragraphs, the Complaint also names Scott Motor and refers to its failed attempts to remedy the alleged nonconformities. (Compl. ¶ 16, 24–27.) Should Plaintiffs seek to amend their Complaint, they are to more clearly identify the Defendants to which Count I is directed.

[5] The unnamed party referred to in Plaintiff's brief is "AHM." (Opp. Br. at 7.)

6

the relevant provision otherwise contrasts with the surrounding text in type, font, or color. *Id.* "[W]hether a disclaimer is conspicuous is a question of law for the Court." *Russo v. Thor Industries, Inc.*, Civ. No. 20-10062, 2020 WL 5868801, at *3 (D.N.J. Oct. 10, 2020) (quoting *In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, Civ. No. 14-3722, 2015 WL 4591236, at *28 (D.N.J. July 29, 2015)).

In this case, unfortunately, the copy of the relevant Purchase Agreement attached to the Complaint is so poor that the Court is unable to read its language, much less assess the conspicuousness of the disclaimer. Based on this fact, and Plaintiffs' failure to oppose this issue on the Motion, the Court will grant this portion of the Motion and dismiss without prejudice Counts II and III as to Scott Motor. Plaintiffs will be given the opportunity to amend their Complaint and to provide a clearer copy of the Purchase Agreement.

      **C.    COUNT IV: NEW JERSEY CONSUMER FRAUD ACT**

Count IV alleges a violation of the NJCFA against Scott Motor. To state a claim under the NJCFA, a plaintiff must show "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 606 (D.N.J. 2016). Claims under the NJCFA are "subject to the heightened pleading standard of Fed. R. Civ. P. 9(b)." *Id.* (citing *Fredrico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). As set forth above, "Rule 9(b)'s particularity requirement requires a plaintiff to allege 'all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where, and how of the events at issue.'" *Bookwalter*, 946 F.3d at 176.

The Complaint does not provide the requisite specificity to comply with Rule 9(b).[6] It largely provides conclusory statements, such as "Defendant knowingly concealed, suppressed, or omitted facts material to the transactions at issue, in that Defendant was aware th[at] defect(s)/condition(s) could not be repaired, and that the ineffectual repairs were performed by incompetent or unqualified individuals", without specifying the defect(s)/condition(s) the Defendant(s) knowingly concealed and how they concealed each of them. (Compl. ¶ 56.) At other points, however, the Complaint does allege some marginally more specific statutory violations, including failure to notify Plaintiffs that the RV was covered by the Lemon Law (Compl. ¶ 57) and failure to supply an itemized legible statement of repair (Compl. ¶ 58). Still, the Complaint falls short of identifying who failed to notify Plaintiffs or to supply them with a statement, when they were obligated to do so, and how Scott Motor's actions failed to meet its obligations.

Accordingly, Defendants' Motion to Dismiss Count IV of the Complaint will also be granted, Count IV will be dismissed without prejudice, and Plaintiffs will be granted leave to amend their Complaint to provide a more detailed pleading of the NJCFA claim that is consistent with Rule 9.

## V. **CONCLUSION**

For the reasons stated above, the Court will GRANT the Motion to Dismiss. Count I of the Complaint will be DISMISSED WITHOUT PREJUDICE as to both Defendants. Counts II–IV against Scott Motor will also be DISMISSED WITHOUT PREJUDICE. Plaintiffs will be given leave to file an Amended Complaint within 30 days. An appropriate Order will follow.

Date: **March 27, 2023**

                                                                     s/ Zahid N. Quraishi
                                                                     **ZAHID N. QURAISHI**
                                                                      **UNITED STATES DISTRICT JUDGE**

---

[6] Having already made its point with respect to the inadequacies of Plaintiffs' opposition brief, the Court will not belabor its failures regarding the final count, other than to note that there were deficiencies there as well. The Court therefore proceeds directly to its own consideration of the adequacy of the Complaint's pleading of the final count.